IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW SANDOVAL and
Jolene J. Sanchez/Nathanial DOE, (minor child)

**Plaintiffs,**

v.  No.  16-cv-144-MCA-SCY

**TGM OAK TREE PARK, TGM ASSOCIATES,
THOMAS GOCHBERG and
VERICLAIM, INC.,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant Thomas Gochberg's Motion to Dismiss*, filed July 1, 2016 (Doc. 22); *Defendants TGM Oak Tree Park and TGM Associates Motion to Dismiss*, filed July 1, 2016 (Doc. 23); and *Defendant Vericlaim, Inc.'s Motion to Dismiss*, filed July 1, 2016 (Doc. 24).

### BACKGROUND

This lawsuit arises out of an incident in which Andrew Sandoval suffered injuries after falling off a step on a decaying stairwell at the apartment complex, TGM Oak Tree Park, where he resided.  [Doc. 1-2 ¶¶ 6, 13; Doc. 22 p. 1]  According to Plaintiffs' *Complaint for Personal Injury*, Defendant TGM Associates is a real estate investment firm specializing in acquiring, managing, and selling apartment complexes.  [Doc. 1-2 ¶ 3]  Thomas Gochberg is a partner in TGM Associates.  [Doc. 23 n.2]  And, Plaintiffs

1

allege, Vericlaim is an insurance company that provided an insurance policy for the three other Defendants.  [Doc. 1-2 ¶ 4]

Defendants seek dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(4); Fed. R. Civ. P. 12(b)(5); and Fed. R. Civ. P. 4(m).  [Doc. 22 p. 2, 8; Doc. 23 p. 2, 6; Doc. 24 p. 2, 8]   To the extent that it is necessary to place the Court's discussion in context, additional procedural background of this case is discussed in the body of this Opinion.

**ANALYSIS**

**The Law Regarding Dismissal for Improper Service of Process**

Pursuant to Fed. R. Civ. P. 12(b)(4) and (5) respectively, "insufficient process" and "insufficient service of process" are grounds for dismissal of an action.  A motion under Rule 12(b)(4) challenging the sufficiency of process pertains to the *form* of process. 2 James Wm. Moore Et Al., Moore's Federal Practice, § 12.33[1] (3d ed. 2014). A motion under Rule 12(b)(5) challenging the sufficiency of the service of process applies to the *method* of serving process.  *Id.*  In all challenges to the sufficiency of process or to the service of process, the burden of proof lies with the party raising the challenge.  Moore's Federal Practice, *supra* 12.33[1].  If the challenging party successfully demonstrates that service was improper, the action, not just the complaint, is dismissed without prejudice.  *See Constien v. United States*, 628 F.3d 1207, 1210 (10th Cir. 2010) ("[D]ismissal without prejudice for failure of service is a dismissal of the action and not just the complaint because no amendment of the complaint could cure the defect.").

Where an action is commenced in state court, and removed to federal court, an inquiry into the sufficiency of the service of process begins with the issue whether service of process was perfected prior to removal. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal."). If service of process was not accomplished in the state court prior to removal, it may be done in the federal district court. *Id.* In this circumstance the case will proceed "as if it originally had been brought in the federal court[,]" with the case thereafter being governed by the Federal Rules of Civil Procedure and related provisions of law. *Id.*

**Service of Process Was Not Perfected Prior to Removal**

In New Mexico, a civil action is commenced by filing a complaint with the court which, upon filing, is endorsed by the clerk with the time, day, month, and year. NMRA Rule 1-003. Upon the filing of the complaint, the clerk of the court must issue a summons and deliver it to the plaintiff for service. NMRA Rule 1-004(A)(2). The complaint along with the summons must then be served "in a manner reasonably calculated . . . to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Rule 1-004(E)(1). Service may be accomplished

> by mail or commercial courier service provided that the envelope is addressed to the named defendant and . . . the defendant or a person authorized . . . to accept service of process upon the defendant signs a receipt for the envelope . . . containing the summons and complaint[.]

Rule 1-004(E)(3).  The foregoing provision applies to service upon an individual; and it applies, as well, to service upon a corporation.  *See* Rule 1-004(F)(i)(b) (pertaining to service of process upon an individual); Rule 1-004(G)(1)(a), (G)(3) (pertaining to service of process upon a corporation via an officer or agent).

Plaintiffs' correspondence with the Defendants unfolded in two stages.  First, as to Mr. Gochberg and the TGM Defendants, Plaintiffs sent, via FedEx, two envelopes to the business address of TGM Associates:  one addressed to the attention of "T Gohberg, (sic)" and the other addressed to the attention of "Clara."[1]  [Doc. 22 p. 2-3; Doc. 22-1; Doc. 22-2; Doc. 23 p. 3]  The items were sent on January 26, 2016, and they were delivered on January 28, 2016.  [Doc. 22-2]  No signature was required, or obtained, upon their delivery.  [Doc. 22-2]  Each envelope contained, among other items not relevant here, an unendorsed "Complaint for Personal Injury."  [Doc. 22 p. 3; Doc. 22-3; Doc. 23 p. 3]  The "Complaint for Personal Injury" had not yet been filed in state district court and, therefore, had no more legal meaning or effect than a letter.  [Doc. 22-4]

Secondly, as to Vericlaim, Plaintiffs sent an envelope, via USPS "Priority Mail," to "Vericlaim[,] Theresa A. Suter . . . Claims Management Manager" on January 29, 2016.  [Doc. 24-1]  The envelope contained, among other items not relevant here, an unendorsed "Complaint for Personal Injury."  [Doc. 24-2]  A signature was not required or received upon delivery of the envelope to

---

[1] Mr. Gochberg is a partner in TGM Associates.  The Court has no information regarding identity or the role, if any, of "Clara" in the TGM Defendants' organization.

Vericlaim's office. [Doc. 24-1] And, according to Vericlaim, Theresa A. Suter was not an officer of Vericlaim, nor was she otherwise authorized to accept service of process on its behalf. [Doc. 24 p. 3]

On January 28, 2016, two days after the FedEx envelopes were sent to the TGM Defendants and Mr. Gochberg, and on the day they were delivered to the TGM Associates business address, Plaintiffs commenced this action by filing their "Complaint for Personal Injury" ("the *Complaint*") in the state district court. [Doc. 1-2; Doc. 22-4] Despite filing the *Complaint*, Plaintiffs never obtained a summons for any Defendant from the state district court. [Doc. 22-4] Approximately one month later, on February 29, 2016, Defendants removed the action to this Court. [Doc. 1]

In summary, Plaintiffs, having failed to obtain and serve a summons upon any Defendant; having failed to serve an endorsed copy of the *Complaint* to any Defendant; and having failed to choose a mailing service that required a signature upon receipt did not perfect service of process prior to removal did not satisfy Rule 1-004. *See* NMRA Rule 1-004(E)(1), (E)(3) (requiring a copy of the summons and the complaint to be mailed using a service that requires signature upon delivery). Thus, service of process was not perfected prior to removal.

**Service of Process Was Not Perfected After Removal**

Once the case was removed to this Court, it was governed by the federal procedural requirements related to service of process provided in Fed. R. Civ. P. 4. *Wallace*, 596 F.3d at 706 (stating that after removal, a case is governed by the federal

5

rules and laws pertaining to service of process).  Under the federal rules, it is incumbent upon the plaintiff to obtain a summons for each defendant to be served.  Fed R. Civ. P. 4(b).  The plaintiff is also "responsible for having the summons and complaint served" upon each defendant "within 90 days after the complaint is filed[.]"  Fed R. Civ. P. 4(c)(1), 4(m).  If service is not made within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

 After the case was removed to this Court, Defendants, in numerous instances, raised the issue of Plaintiffs' failure to serve process on any Defendant.  For example, on April 6, 2016, Plaintiffs filed two summonses "returned executed" as to Vericlaim.  [Doc. 9; Doc. 10]  The summonses had not been issued by the Court, nor had they been served, and they were marked "filed in error" on the docket.  On April 7, 2016, the Court issued a summons as to Vericlaim; however, the summons was never served.  [Doc. 11] On the same day, in its response to Plaintiffs' *Objection to Notice of Removal* (Doc. 6), Vericlaim noted that Plaintiffs had failed to serve Defendants with process.  [Doc. 12 p. 2]  On April 19, 2016, Plaintiffs' counsel and counsel for Vericlaim filed a *Joint Status Report and Provisional Discovery Plan* in which it was noted that "Defendants contend that TGM Oak Tree Park, TGM Associates, and Mr. Gochberg [had], like Vericlaim, not been properly served, and Defendants' counsel has therefore not yet entered an appearance on their behalf."  [Doc. 15 n. 1]  Plaintiffs' failure to serve Defendants with

process was also discussed in the *Joint Status Report* under the heading "Defendant[s'] Contentions" as grounds for Defendants' position that discovery was not appropriate at that time. [Doc. 15 p. 3] That Plaintiffs had failed to effect service was discussed, again, at an April 26, 2016 scheduling conference. [Doc. 16]

Despite the foregoing Plaintiffs have never taken the necessary steps to serve the *Complaint* and a summons the named Defendants. Nor have Plaintiffs attempted to demonstrate "good cause" for their failure to do so. Instead, in responding to the present *Motions to Dismiss*, Plaintiffs argue variously that in light of the evidence supporting Plaintiffs' underlying claim, "the improper service argument . . . is moot"; that service upon all Defendants has been perfected—an assertion that is belied by the record; and that Plaintiffs have "admitted" that their counsel "failed to submit a summons with the Plaintiffs' Complaint" but the error was "corrected on April 7, 2016" (another assertion that is belied by the record). [Doc. 26-4 p. 5; Doc. 27 p. 4; Doc. 27-2 p. 4]

In their respective *Motions to Dismiss*, Defendants seek dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(4); Fed. R. Civ. P. 12(b)(5); and Fed. R. Civ. P. 4(m). [Doc. 22 p. 2, 8; Doc. 23 p. 2, 6; Doc. 24 p. 3, 8] The Court concludes that each Rule, independently, and in the alternative, supports dismissing this action without prejudice. As noted earlier, a Rule 12(b)(4) motion is a challenge to the sufficiency of the process itself; and Rule 12(b)(5) challenges the service of process. Here, Plaintiffs' only ostensible attempt to serve process upon Defendants occurred prior to removal when, without obtaining summonses, they sent an unendorsed "Complaint for Personal Injury" to each Defendant using mailing services that did not require a signature upon delivery.

*See* NMRA Rule 1-004(E)(1), (E)(3) (requiring a copy of the summons and the complaint to be mailed using a service that requires signature upon delivery). Insofar as the process itself and the method of service failed to comport with the applicable service of process rules, Defendants' respective *Motions to Dismiss* pursuant to Rules 12(b)(4) and 12(b)(5) are well taken. Furthermore, to the extent that Plaintiffs failed to perfect service within 90 days of removal, and have failed to show good cause for such failure, dismissal is also warranted pursuant to Rule 4(m).

**Conclusion**

For the reasons stated herein, *Defendant Thomas Gochberg's Motion to Dismiss*, filed July 1, 2016 (Doc. 22) is **GRANTED**; *Defendants TGM Oak Tree Park and TGM Associates Motion to Dismiss*, filed July 1, 2016 (Doc. 23) is **GRANTED**; and *Defendant Vericlaim, Inc.'s Motion to Dismiss*, filed July 1, 2016 (Doc. 24) is **GRANTED**.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**SO ORDERED** this 30th day of November, 2016.

                                                 **M. CHRISTINA ARMIJO**
                                                 **Chief United States District Judge**